STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

In Re: M.R.

**FILED**

October 1, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

No. 13-0493 (Mercer County 11-JA-154)

MEMORANDUM DECISION

Petitioner Father, by counsel Michael P. Cooke, appeals the Circuit Court of Mercer County's April 15, 2013 order terminating his parental rights to the child, M.R. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Ryan J. Flanigan, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2011, the DHHR filed a petition against the parents due to Respondent Mother being homeless, unemployed, and without resources to properly care for M.R.[1] The petition alleged that petitioner was incarcerated in Wisconsin and failed to provide for the child's basic needs, including food, clothing, and shelter. Petitioner was initially incarcerated when the child was three months old and remained incarcerated throughout these proceedings. After resolving service of process issues related to petitioner's incarceration, the circuit court held an adjudicatory hearing in October of 2011, during which the child was adjudicated as neglected and petitioner was granted a post-adjudicatory improvement period. Over the next several months, petitioner filed disclosures related to courses he was completing while incarcerated. Petitioner received his G.E.D. during this period and also provided the circuit court with an Earned Release Program Memo of Agreement. This document constituted an agreement between petitioner and the Wisconsin Division of Corrections for petitioner to participate in a rehabilitation program that would allow him early release from incarceration.

During this period, the circuit court ordered petitioner's post-adjudicatory improvement period be extended several times. In July of 2012, the circuit court held a dispositional hearing

---

[1] Another child, L.R., was also the subject of the petition, but petitioner is not that child's biological parent nor has he ever had contact with that child. As such, petitioner raised no argument in regard to this child, and L.R. is not the subject of this memorandum decision.

and granted petitioner a dispositional improvement period, and the circuit court continued this improvement period following a review hearing. Thereafter, the DHHR filed a motion to terminate petitioner's parental rights upon allegations that petitioner had ceased communication with M.R. and that his release date had been changed from February of 2013 to December of 2013 due to his own misconduct. In April of 2013, the circuit court held a dispositional hearing and terminated petitioner's parental rights upon a finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. This finding was based upon the fact that petitioner ceased communication with his child in May of 2012. Further, the circuit court based this finding on the fact that petitioner's projected date of release from incarceration had been moved to December of 2013 due to petitioner's misconduct. According to the circuit court, petitioner had no meaningful relationship with M.R. because he was incarcerated from the time she was three months old until disposition, when M.R. was five years old.

According to West Virginia Code § 49-6-5(b)(3), a circumstance in which there is no reasonable likelihood that conditions of abuse or neglect can be substantially corrected in the near future includes conditions in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

2

In the present case, the evidence outlined above supports the circuit court's finding as to the lack of a reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. It is undisputed that petitioner was not scheduled to be released from prison until at least eight months after the dispositional hearing. As such, it is clear that petitioner could not substantially correct the conditions of neglect in the near future, as he was adjudicated of neglecting the child by failing to provide for her basic needs.

While petitioner argues that the circuit court erred in making this finding because it disregarded our prior holding in *In re Cecil T*, we find no merit to this argument. In that case, we held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re Cecil T*, 228 W.Va. 89, 717 S.E.2d 873 (2011). The record is clear that the circuit court considered factors in addition to petitioner's incarceration, including his lack of contact with M.R. The circuit court was presented with evidence that, while incarcerated, petitioner had previously spoken with M.R. on the phone and had written her letters. However, evidence at disposition established that petitioner ceased communication with the child in May of 2012. Petitioner argues that the circuit court did not comply with this syllabus point because it failed to consider the offense for which he was incarcerated and the length of his incarceration, but the record is clear that the circuit court considered factors other than petitioner's incarceration at disposition. As such, we find no error in the circuit court's findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its April 15, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II